```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

| | |
|---|---|
| **WILLIS POLK,** | |
|                 Plaintiff, | **Case No. 06 C 4603** |
|      v. | **Hon. Harry D. Leinenweber** |
| **ADECCO USA, INC.,** | |
|                 Defendant. | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Plaintiff Willis Polk (hereinafter, "Polk") brought a proposed class action in the Circuit Court of Cook County, claiming that Defendant Adecco USA d/b/a Adecco, Inc.'s (hereinafter, "Adecco") vacation policy violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1. Adecco removed this action to federal court, asserting that Polk's state law claim is preempted under 29 U.S.C. § 1132(a). The parties are now before the court on Polk's Motion to Remand this action to Cook County Circuit Court. For the reasons that follow, Polk's motion to remand is granted.

### II. BACKGROUND

Polk brought this suit as a proposed class action in the Circuit Court of Cook County on July 7, 2006, claiming that Adecco's vacation policy violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1. Adecco removed the action to federal court, alleging that Polk's state law claim was completely preempted because Adecco's

vacation plan, known as the Adecco, Inc. Vacation Benefits Plan for Temporary Employees (the "Plan"), qualified as an employee welfare benefit plan under the Employment Retirement Income Security Act of 1974 ("ERISA"). Polk did not file suit against the Plan for lost benefits. Rather, he sued Adecco directly, claiming that its vacation pay policy wrongfully denied vacation wages to employees entitled to such wages under Illinois state law.

### III. DISCUSSION

The "party seeking a federal forum has the burden of establishing jurisdiction." *Wellness Community-National v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995). A federal court's jurisdiction under the removal statutes is an infringement on state sovereignty. *America's Mortg. Banc, Inc. v. XEZ, Inc.*, 2006 WL 3754986 at *2 (N.D. Ill. Dec. 18, 2006). Thus, federal courts should reject jurisdiction and grant a motion to remand to state court "where the propriety of removal is doubtful." *Id.* Thus, Adecco bears the burden of establishing that the Plan is governed by ERISA. If Adecco fails to overcome this burden, then this Court has no subject matter jurisdiction and the case must be remanded back to state court.

Polk asserts in his motion to remand that the Plan is specifically exempted from ERISA as a "payroll practice" under the pertinent Department of Labor regulation, 29 C.F.R. § 2510.3-1(b). Under that regulation, a plan does not qualify as an "employee welfare benefit plan" under ERISA where the employer compensates

employees for vacation wages out of its "general assets." *Id.* This accords with ERISA's requirement that "all assets of an employee benefit plan shall be held in trust."  29 U.S.C. § 1103(a).

In the instant case, the Plan's assets were held in five bank accounts. For four of these accounts, the owner of record was listed as "Adecco, Inc. [or its predecessor, Adia Services, Inc.] d/b/a Voluntary Employment Beneficiary Association" (the "VEBA").  The Federal Employer Identification Number (the "FEIN") on these four accounts was also listed as that of Adecco or its predecessor, Adia Services.  The fifth account was mistakenly opened under the FEIN of the Adecco Health and Welfare VEBA.

Under ERISA, the Treasury Department is primarily in control of "establishing and determining employee benefit plan compliance with the tax qualification standards of the [Internal Revenue] Code." *Employee Benefits Law 22,* Terese M. Connerton, et al. Eds., Bureau of National Affairs 2d Ed. 2000 (Supp. 2005).  As such, the Treasury Department and the Department of Labor jointly publish an instruction guide to filling out Form 5500, the annual form used to report income and expenses for employee benefit plans.  The instruction guide states that plan administrators "should use the trust [FEIN] when opening a bank account" for an employee benefit plan. *Department of the Treasury, Instructions for Form 5500 at 15 (2003); http://www.irs.gov/pub/irs-prior/i5500--2003.pdf.*

Given that Adecco's FEINs were used in establishing the bank accounts holding the Plan's assets, Adecco fails to overcome its

burden of proving that its vacation wages were paid out of a separate trust rather than its general assets.  Furthermore, it is undisputed that Adecco was aware that the Plan did not comply with ERISA.  In a memorandum dated December 2, 1999, Adecco's auditor, Deloitte and Touche, informed Adecco's Vice President of Finance that in order to ensure compliance with ERISA, Adecco must establish VEBA bank accounts that "are the property of the VEBA Trust and not Adecco (the corporate entity)."  The memo further noted that correctly established VEBA accounts would not reference Adecco (the corporate entity) or its FEIN.  While Adecco eventually set up a bank account under the name and FEIN of the VEBA trust, this did not occur until November 2003, at least two months after Polk left Adecco's employ.  Moreover, Adecco concedes that the Plan's assets were transferred from the VEBA Bank Accounts to Adecco's general assets for disbursement to Plan participants through the company's payroll system "for the purposes of administrative convenience."  At the least, this practice advances Polk's argument that Adecco's vacation pay policy fits the mold of the "payroll practices" exemption.  Further, an e-mail chain sent in October 2001 between various executives at Adecco reveals that Adecco knew the practice to be improper.

Adecco asserts that the Plan is governed by ERISA because, *inter alia*, it was administered "as an 'employee welfare benefit plan' within the meaning of ERISA" and Adecco "consistently filed a Form 5500."  Complying with certain requirements of ERISA does not,

however, necessitate a finding that the Plan is governed by ERISA. *See Stern v. International Business Machines Corp.*, 326 F.3d 1367, 1373-1374 (11th Cir. 2003) (holding IBM's plan exempted from ERISA under the "payroll practice" regulation 29 C.F.R. § 2510.3-1(b) where IBM labeled its plan as an ERISA plan and annually filed Form 5500).

Adecco further contends that the Plan is governed by ERISA because California trust law would have protected the Plan's beneficiaries from Adecco's possible insolvency. This argument lacks merit because ERISA preempts "any and all State laws insofar as they . . . relate to any employee benefit plan." 29 U.S.C. § 1144(a). Therefore, Adecco cannot assert that the Plan is governed by ERISA due to California state law -- if the Plan is governed by ERISA, state law simply does not apply. Moreover, "ERISA's standards and procedural protections partly reflect a congressional determination that the common law of trusts did not offer completely satisfactory protection." *Varity Corp. v. Howe*, 516 U.S. 489, 497 (1996). Given that Congress passed ERISA intending to federalize the protections afforded to employees with respect to work-related benefits, it is highly unlikely that anyone state's trust law – or the legal theories of constructive or resulting trusts – can relieve the deficiency of incorrectly attributing a plan's assets to the employer's corporate entity. Despite the fact that California trust law *might* ensure that the Plan's beneficiaries receive its assets rather than lose them to Adecco's creditors in the event of insolvency, Congress would not

rely on the *possibility* that all fifty states' trust laws would protect beneficiaries in cases such as this. In any case, even if California trust law protected the Plan's assets from Adecco's creditors, Adecco failed to prove that the Plan was governed by ERISA because the crucial information used to identify the owner of the VEBA accounts by the Treasury Department and the Department of Labor, both of which dictate ERISA compliance – Adecco's and its predecessor's FEIN – indicated that the contents of the accounts were Adecco's general assets.

Since the Defendant failed to overcome its burden of proving that the Plan is subject to ERISA, this Court concludes that it lacks subject matter jurisdiction over this action.

### III. CONCLUSION

For the reasons stated herein, Polk's Motion for Remand is **GRANTED**.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

**DATE:**   3/7/2007